DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Lucas County Court of Common Pleas, Juvenile Division, wherein appellant, Herbert Howard, was ordered to
 {¶ 2} pay $1,167.22 a month in child support. Because we conclude that the trial court did not err in ordering appellant to pay child support, we affirm.
 {¶ 3} On August 20, 2001, appellee, Lucas County Child Support Enforcement Agency, ("LCCSEA"), brought an action on behalf of appellee, Margaret Howard, against appellant, Herbert Howard, seeking a determination of support for the couple's minor child, Adelle, born in 1984.
 {¶ 4} A hearing commenced before a magistrate on April 16, 2002. On July 31, 2002, the magistrate issued a decision in this case finding as follows:
 {¶ 5} "Defendant, Herbert Howard, is voluntarily underemployed. Although he claims to earn $5.15 per hour as a consultant for American Petroleum Retail, plaintiff testified that just prior to the parties' separation; he was earning $300,000 to $400,000 annually. The home in which he lives, the cars he drives and the business he previously owned are now owned by his four sons. Plaintiff's income is $25,941. Plaintiff has received no child support for the minor child since the parties separated. Defendant lives in Ottawa Hills in the "marital residence" which the plaintiff bought in the 1980's for $219,000. The minor child will graduate from high school in 2003. Defendant's testimony was incredible, leading the court to believe that he is attempting to hide his income and assets."
 {¶ 6} Appellant filed timely objections to the magistrate's decision but did not file a transcript as required by Juv.R. 40 (E)(3)(b). On August 15, 2002, the trial court adopted the magistrate's decision as its own. Appellant now appeals setting forth the following assignments of error:
 {¶ 7} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ITS JUDGMENT ENTERED NOVEMBER 1, 2002 BY FAILING TO FOLLOW THE OHIO CHILD SUPPORT GUIDELINES IN SETTING CHILD SUPPORT AND IGNORING EVIDENCE OF APPELLANT'S INCOME."
 {¶ 8} Juv.R. 40(E)(3)(b)provides, in pertinent part:
 {¶ 9} "* * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 10} Under Juv.R. 40(E)(3), the party objecting has the burden of demonstrating those objections through the record. Failure to provide an acceptable record to the trial court allows the trial court to disregard any objections to factual matters which have been challenged. Furthermore, because appellant failed to provide a transcript or affidavit of the evidence as required by Juv.R. 53(E)(3)(b), he cannot now challenge the trial court's adoption of any of the magistrate's findings of fact. In the matter of O'Neal (Nov. 24, 2000), Ashtabula App. No. 99-A-0022, unreported; In the matter of Pollis (May 8, 1998), Trumbull App. No. 97-T-0066, unreported.
 {¶ 11} Although appellant provided a transcript of the hearing before the magistrate with the record on appeal to this court, that transcript was not part of the record before the trial
 {¶ 12} court. In State ex rel. Duncan v. Chippewa Twp. Trustees
(1995), 73 Ohio St.3d 728, 730, the Ohio Supreme Court stated:
 {¶ 13} "When a party objecting to a referee's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the referee's report, and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. (Citations omitted.)
 {¶ 14} "* * *
 {¶ 15} See, also, High v. High (1993), 89 Ohio App.3d 424, 427. (Appellate court precluded from considering the transcript as it pertains to establishing or refuting the magistrate's or trial court's factual findings because the trial court itself was not so provided and, therefore, did not have an opportunity to review the testimony from which the magistrate drew her factual findings.) "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter."State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus. Therefore, this court reviews the trial court's decision only for an abuse of discretion, i.e., whether, in adopting the magistrate's report, "the court's
 {¶ 16} attitude [was] unreasonable, arbitrary or unconscionable."State ex rel. Edwards v. Toledo City School Dist. Bd. Of Edn. (1995),72 Ohio St.3d 106, 107; Proctor v. Proctor (1988), 48 Ohio App.3d 55,63.
 {¶ 17} Although appellant disputes the magistrate's conclusions, he failed to provide the trial court with a transcript to support his contention that the magistrate was in error. Because appellant failed to provide a transcript of the April 16, 2002 magistrate's hearing for the trial court's review, the magistrate's findings of fact are considered established. Fogress v. McKee (Aug. 11, 1999), Liking App. No. 99CA15, unreported; Strunk v. Strunk (Nov. 27, 1996), Muskingum App. No. CT96-0015, unreported.
 {¶ 18} This court has reviewed the magistrate's findings of fact and find the aforementioned findings of fact were sufficient for the trial court to make an independent analysis and to apply appropriate law in reaching its judgment as required in Juv.R. 40(E)(4). This court further finds no abuse of discretion in the trial court's decision to adopt the magistrate's decision. Appellant's sole assignment of error is found not well-taken.
 {¶ 19} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.
 JUDGMENT AFFIRMED. Richard W. Knepper, J., Mark L. Pietrykowski, J., Arlene Singer, J., CONCUR.