DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the decision of the Ottawa County Court of Common Pleas, filed on May 27, 2004, and journalized on June 9, 2004, wherein the trial court adopted the decision of the magistrate regarding a change in custody of the parties' minor children. For the following reasons, we remand this matter to the trial court for further consideration.
 {¶ 2} Appellant, Ginger Helmke, had been designated the residential parent and custodian of the parties' minor children. On April 9, 2003, appellee, Scott C. Helmke, filed a motion to be designated residential parent. On March 17, 2004, a hearing was held before Magistrate Bruce A. Winters. On April 26, 2004, the magistrate awarded appellee custody of the children.
 {¶ 3} On May 10, 2004, appellant filed objections to the magistrate's decision, specifying with particularity the grounds of her objections. Each of appellant's objections concerned findings of fact which the magistrate relied upon in rendering his decision. Appellant argued that the magistrate's findings were not supported by the evidence submitted at the March 17, 2004 hearing. With respect to the transcript of the hearing, appellant specifically stated that the entire transcript of proceedings would be submitted to the court upon receipt thereof for the court's consideration of her objections. Appellant also stated that, upon receipt of the transcript, further objections may be deemed necessary. In conclusion of her objections, appellant requested that the trial court "withhold ruling on the within Objections until the transcript of proceedings has been prepared and reviewed and any appropriate supplemental objections or briefs are filed with the Court."
 {¶ 4} Contemporaneously with the filing of her objections on May 10, 2004, appellant filed a praecipe requesting that the clerk prepare and file "a complete transcript of all the original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the Magistrate's Decision filed April 26, 2004 and heard on March 17, 2004." The transcript of the March 17, 2004 hearing was not filed in the trial court until July 28, 2004.
 {¶ 5} On May 27, 2004, the trial court adopted the magistrate's decision and appellee's counsel was ordered to prepare a judgment entry reflecting the same. On June 9, 2004, the judgment entry of the trial court, awarding appellee custody of the minor children, was filed. Appellant filed her notice of appeal on July 8, 2004.
 {¶ 6} Appellant raises in her assignments of error each of the findings of fact she considered to be erroneously made by the magistrate and adopted by the trial court. Appellant's assignments of error are as follows:
 {¶ 7} "1. The lower court committed reversible error when it adopted the Magistrate's Decision designating Scott C. Helmke the residential parent and legal custodian.
 {¶ 8} "2. The lower court committed reversible error when it adopted the Magistrate's Finding of Fact 5.) The Guardian Ad Litem interviewed the children and determined it was their wish to reside with their Father because the Magistrate failed to consider that the children's wishes were not their own, but rather were the result of Father's influence.
 {¶ 9} "3. The lower court committed reversible error when it adopted the Magistrate's Finding of Fact 6.) The Guardian Ad Litem recommended that the Father be named residential parent of the minor children subject to the standard visitation with their Mother because the Magistrate failed to consider that the Guardian Ad Litem's recommendation changed based solely on a second interview of the children wherein they were more `adamant' in expressing their wishes.
 {¶ 10} "4. The lower court committed reversible error when it adopted the Magistrate's Finding of Fact 13.) (b) The children strongly wish to reside with their Father because the Magistrate failed to consider that the wishes of the children were the result of Father's influence and coaching.
 {¶ 11} "5. The lower court committed reversible error when it adopted the Magistrate's Finding of Fact 13.) (d) The children seem well adjusted in their current home with their Mother, but for their longing to be with their Father because the Magistrate failed to consider that the children were content to stay with their Mother after the first interview and before being coached by their Father.
 {¶ 12} "6. The lower court committed reversible error when it adopted the Magistrate's Finding of Fact 14.) Another factor considered by the court is the recommendation of the Guardian Ad Litem, who testified that she believed it to be in the best interest of the children to reside with their Father because the Magistrate failed to consider that the Guardian Ad Litem's belief was based solely on a second interview of the children wherein they were more `adamant' in expressing their wishes.
 {¶ 13} "7. The lower court committed reversible when it adopted the Magistrate's Decision which failed to consider and rule on Mother's Motion for Restraining Order filed May 15, 2003 alleging that if not restrained, Father would discuss the case with the children and attempt to influence their wishes."
 {¶ 14} Rather than filing an appellee's brief, appellee filed a "Motion" requesting that this court only determine whether there was an abuse of discretion in the trial court's decision to adopt the magistrate's decision and asking us to disregard the transcript filed herein because it was not filed with appellant's objections to the magistrate's decision.
 {¶ 15} Civ.R. 53(E)(3)(c) states that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." Although the transcript had been ordered in this case at the same time appellant filed her objections, the transcript had not yet been prepared at the time the trial court adopted the magistrate's findings and decision.
 {¶ 16} The transcript is part of the record on appeal; however, "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus. As such, when a party objecting to a magistrate's decision fails to provide the trial court with the transcript of evidence, by which the court could make a finding independent of the magistrate's, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the magistrate's decision, and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. State ex rel. Duncan v. Chippewa Twp. Trustees (1995),73 Ohio St.3d 728, 730; High v. High (1993), 89 Ohio App.3d 424, 427; and Howard v. Howard, 6th Dist. No. L-02-1371, 2003-Ohio-5683, ¶ 12-15. Therefore, this court could only review the trial court's decision for an abuse of discretion, i.e., whether, in adopting the magistrate's report, "the court's attitude [was] unreasonable, arbitrary or unconscionable."State ex rel. Edwards v. Toledo City School Dist. Bd. Of Edn. (1995),72 Ohio St.3d 106, 107; and Proctor v. Proctor (1988), 48 Ohio App.3d 55,63.
 {¶ 17} In this case, we find that each of appellant's objections concerned the magistrate's findings of fact, which appellant asserted were erroneous based upon the testimony presented during the March 17 hearing. We further find that appellant did all she was capable of doing to present the trial court with the transcript of the hearing along with her objections, in accordance with Civ.R. 53(E)(3)(c). A praecipe had been filed for the preparation of the transcript and appellant had specifically requested the trial court to withhold ruling on the objections until the transcript of proceedings had been prepared. The transcript, however, was not prepared and filed until July 28, 2004. Nevertheless, failing to wait for the transcript, the trial court adopted the magistrate's decision on May 27, 2004, within 17 days of appellant's filing of objections.
 {¶ 18} Certainly, a trial court has broad discretion in managing its docket. Norwest Bank Minn., N.A. v. Alex-Saunders, 6th Dist. No. E-03-007, 2004-Ohio-6883, ¶ 26. We find, however, insofar as a request for the transcript had been filed contemporaneously with appellant's objections, that the trial court abused its discretion in not waiting a reasonable amount of time for the transcript of the March 17 hearing to be prepared and filed. Insofar as the trial court did not independently review the transcript, and because we are thus precluded from examining the transcript on appeal, we find that the trial court's premature ruling on appellant's objections would prevent appellant from ever having the magistrate's decision and findings of fact independently reviewed by a higher authority. Accordingly, in order to provide appellant with a meaningful opportunity for review, we find that this matter must be remanded to the trial court for examination of the March 17, 2004 hearing and for further consideration of appellant's objections.
 {¶ 19} Based on the foregoing, we find that we are unable to rule on appellant's assignments of error at this time. Nevertheless, this court finds substantial justice has not been done the party complaining and the judgment of the Ottawa County Court of Common Pleas is reversed. This matter is remanded to the trial court for further proceedings in accordance with this decision and judgment entry. Pursuant to App.R. 24, costs are assessed equally to the parties.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Glasser, J., Concur.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.