[Cite as *Williams v. Williams*, 2013-Ohio-5861.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| SUE E. WILLIAMS | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JOHN V. WILLIAMS | : | Case No. 2013 AP 07 0027 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas, Case No. 2009 TM 10 0489

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     December 18, 2013

APPEARANCES:

For Plaintiff-Appellee             For Defendant-Appellant

ERICK L. BAUER                   JAMES J. ONG
204 West High Avenue            201 North Main Street
New Philadelphia, OH  44663     Uhrichsville, OH  44683

*Farmer, P.J.*

{¶1} On May 12, 1984, appellant, John Williams, and appellee, Sue Williams, were married. On October 27, 2009, appellee filed a complaint for divorce. By agreed judgment entry and decree of divorce filed June 14, 2011, the trial court granted the parties a divorce and divided the parties' property. Pertinent to this appeal is the disposition of the marital residence property and a vacant piece of property. Appellant was to pay on the indebtedness of the properties for eight and one-half years. Appellee was to have exclusive use of the marital residence property. At the expiration of the term, the properties were to be sold or appellee could purchase appellant's interest therein. The trial court retained jurisdiction over the issue of property division to ensure equitableness.

{¶2} On August 28, 2012, appellant filed a motion for termination of obligation to pay indebtedness against real estate due to appellee moving her boyfriend into the marital residence. On November 14, 2012, appellant filed a motion for sale of vacant land due to his having paid off the indebtedness thereon. A hearing on the motions was held before a magistrate on February 15, 2013. By decision filed April 29, 2013, the magistrate recommended that neither property should be sold. Appellant filed objections. By judgment entry filed May 31, 2013, the trial court denied the objections and approved and adopted the magistrate's decision.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶4} "THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S MOTION TO TERMINATE OBLIGATION TO PAY INDEBTEDNESS AGAINST REAL ESTATE."

II

{¶5} "THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S MOTION FOR SALE OF VACANT GROUND."

I, II

{¶6} Appellant claims the trial court erred in denying his motion for termination of obligation to pay indebtedness against real estate due to appellee moving her boyfriend into the marital residence, and his motion for sale of vacant land due to his having paid off the indebtedness thereon. We disagree.

{¶7} By agreed judgment entry and decree of divorce filed June 14, 2011, appellant was to pay on the indebtedness of the marital residence property and the vacant property for eight and one-half years. Appellee was to "exclusively use the marital residence." Appellant argues appellee violated the exclusivity clause of the agreement when she moved her boyfriend into the marital residence. As for the vacant property, appellant argues he paid the indebtedness early and therefore the property could be sold.

{¶8} In her decision filed April 29, 2013, the magistrate reviewed the agreed judgment entry and stated the following at Finding of Fact No. 7: "***The Magistrate finds that an award of exclusive use refers to use between the parties. Therefore, John Williams may not reside in the home." The magistrate further found at Finding of Fact

No. 9: "The Magistrate further finds that John Williams' expenses for the marital residence are the same whether Sue Williams resides there alone or with others. However, her choice to move her boyfriend into the home, which her ex-husband is paying for, is probably insensitive and tasteless."

{¶9} As for the vacant property, the magistrate found the following at Finding of Fact No. 4:

Paragraph 7(h) states "For an eight and one-half (8 ½) year period, commencing April 07, 2011, John Williams shall pay and hold Sue Williams harmless from all real estate taxes assessed against the above listed parcels." The Magistrate finds the parties planned to retain both the marital residence and the vacant land for eight and a half (8 ½) years.

{¶10} The magistrate recommended that "[n]either the marital residence nor the vacant land should be sold."

{¶11} In reviewing the magistrate's decision, the trial court noted a transcript of the magistrate's hearing was not filed pursuant to Civ.R. 53(D)(3)(b)(iii). The trial court determined: "***upon independent analysis and review of the Magistrate's Decision filed April 29, 2013, the Findings of Fact and Conclusions of Law support the Recommendations of the Magistrate and that the Magistrate's Decision should be adopted in its entirety without modification." See, Judgment Entry filed May 31, 2013.

{¶12} In his May 8, 2013 written objections to the magistrate's decision, appellant petitioned the trial court "to waive the requirement of the transmission of the

transcript" as the facts were uncontroverted and the magistrate misapplied the facts to the law. We note a transcript of the magistrate's February 5, 2013 hearing was filed after the fact on August 5, 2013. As explained by our brethren from the Sixth District in *Helmke v. Helmke,* 6th Dist. Ottawa No. OT-04-029, 2005-Ohio-1388, ¶ 16:

The transcript is part of the record on appeal; however, "[a] reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail* (1978), 54 Ohio St.2d 402, 377 N.E.2d 500, paragraph one of the syllabus. As such, when a party objecting to a magistrate's decision fails to provide the trial court with the transcript of evidence, by which the court could make a finding independent of the magistrate's, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the magistrate's decision, and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. *State ex rel. Duncan v. Chippewa Twp. Trustees* (1995), 73 Ohio St.3d 728, 730, 654 N.E.2d 1254; *High v. High* (1993), 89 Ohio App.3d 424, 427, 624 N.E.2d 801; and *Howard v. Howard,* 6th Dist. No. L-02-1371, 2003-Ohio-5683, ¶ 12-15. Therefore, this court could only review the trial court's decision for an abuse of discretion, i.e., whether, in adopting the magistrate's report, "the court's attitude [was] unreasonable, arbitrary or unconscionable." *State ex rel. Edwards v. Toledo City School*

*Dist. Bd. Of Edn.* (1995), 72 Ohio St.3d 106, 107, 647 N.E.2d 799; and

*Proctor v. Proctor* (1988), 48 Ohio App.3d 55, 63, 548 N.E.2d 287.

{¶13} It is perfectly logical that the exclusivity use "refers to use between the parties." Therefore, we do not find the trial court's decision was unreasonable, arbitrary or unconscionable on this issue.

{¶14} The agreed judgment entry at paragraphs 7(a), (b), (d), and (e) lists the marital residence property and the vacant property and states: "[t]he real estate is currently encumbered by a first mortgage to the First National Bank of Dennison Ohio" and "[t]he real estate is currently encumbered by a home equity loan with Chase Bank." Paragraph 7(f) provides for appellant to pay on the properties for eight and one-half years commencing on April 7, 2011, and hold appellee harmless from the indebtedness. Paragraph 7(k) specifically states: "[a]fter the expiration of the above listed eight and one-half (8 ½) year period, the above listed real estate and marital residence shall be sold."

{¶15} Pursuant to the agreed judgment entry, the parties planned to retain both the marital residence and the vacant land for eight and one-half years. Appellant notes the trial court retained jurisdiction over the issue of property division to ensure equitableness, and argues equitableness calls for the vacant property to be sold since he paid the indebtedness thereon early. Appellant was to pay on the indebtedness which included a first mortgage and a home equity loan. Although appellant argues he paid the indebtedness early on the vacant land, there is no evidence to support what

"indebtedness" he paid, i.e., the first mortgage or the home equity loan, and what amount he paid vis-à-vis the values of the respective properties.

{¶16} Upon review, we do not find the trial court abused its discretion in approving and adopting the magistrate's decision.

{¶17} Assignments of Error I and II are denied.

{¶18} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.

By Farmer, P.J.

Delaney, J. and

Baldwin, J. concur.

_____
Hon. Sheila G. Farmer

_____
Hon. Patricia A. Delaney

_____
Hon. Craig R. Baldwin

SGF/sg 1120

[Cite as *Williams v. Williams*, 2013-Ohio-5861.]

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

SUE E. WILLIAMS                          :
                                         :
    Plaintiff-Appellee                   :
                                         :
-vs-                                     :          JUDGMENT ENTRY
                                         :
JOHN V. WILLIAMS                         :
                                         :
    Defendant-Appellant                  :          CASE NO. 2013 AP 07 0027

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed. Costs to appellant.

_____
Hon. Sheila G. Farmer

_____
Hon. Patricia A. Delaney

_____
Hon. Craig R. Baldwin