[Cite as *Franklin v. Brown*, 2014-Ohio-1668.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| JUMILLE FRANKLIN | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| STANLEY BROWN | : | Case No. 13CA75 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Domestic Relations Division,
                                 Case No. 2012 SUP 1114


JUDGMENT:                        Affirmed


DATE OF JUDGMENT:                April 16, 2014


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JEFFEREY R. STIFFLER                      SAMUEL R. SMITH, II
21 North Walnut Street                    323 West Lakeside Avenue
Mansfield, OH  44902                      Suite 420
                                          Cleveland, OH  44113

*Farmer, J.*

{¶1} Appellant, Stanley Brown, and appellee, Jumille Franklin, have three children together. On October 23, 2012, appellee filed a motion to establish child support. Hearings before a magistrate were held on April 17, and May 29, 2013. By decision filed June 10, 2013, the magistrate recommended that appellant pay child support from August 7, 1996 to August 31, 2009. Appellant filed objections. By judgment entry filed July 25, 2013, the trial court denied the objections and approved and adopted the magistrate's decision with a minor amendment to correct a typographical error in the magistrate's decision.

{¶2} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶3} "THE TRIAL COURT, ON OR ABOUT JULY 25, 2013, ERRED IN OVERRULING DEFENDANT-APPELLANT'S OBJECTIONS, FILED ON JUNE 10, 2013, AND IN AFFIRMING THE MAGISTRATE'S DECISION, BASED ON HEARINGS HELD ON OR ABOUT APRIL 17 AND MAY 29, 2013, AWARDING CHILD SUPPORT FOR PLAINTIFF-APPELLEE FROM THE TIME PERIOD OF 1996 TO 2005 BECAUSE PLAINTIFF-APPELLEE DID COHABITATE WITH DEFENDANT-APPELLANT FROM 1996 TO 2005 THUS DEMONSTRATING PLAINTIFF-APPELLEE WAS NOT ENTITLED TO CHILD SUPPORT."

II

{¶4} "THE TRIAL COURT, ON OR ABOUT JULY 25, 2013, ERRED IN OVERRULING DEFENDANT-APPELLANT'S OBJECTIONS, FILED ON JUNE 10,

2013, AND IN AFFIRMING THE MAGISTRATE'S DECISION, BASED ON HEARINGS HELD ON OR ABOUT APRIL 17 AND MAY 29, 2013, ON OR ABOUT APRIL 17, 2013 AND MAY 29, 2013 (SIC), AWARDING CHILD SUPPORT FOR PLAINTIFF-APPELLEE FROM THE TIME PERIOD OF 1996 TO 2005 BECAUSE PLAINTIFF-APPELLEE WAS LISTED AS A NON-QUALIFYING DEPENDENT ON DEFENDANT-APPELLANT'S 2003 AND 2004 FEDERAL INCOME TAX RETURNS, WHICH MIRROR THE TIME FRAME PLAINTIFF-APPELLEE COHBITATED WITH DEFENDANT-APPELLANT THUS DEMONSTRATING PLAINTIFF-APPELLEE WAS NOT ENTITLED TO CHILD SUPPORT."

I, II

{¶5}　Appellant claims the trial court erred in awarding child support for the time period of 1996 to 2005 because he and appellee were cohabitating during this time and he was paying child support and the monthly mortgage payment, and he listed appellee as a dependent on his 2003 and 2004 income tax returns.  We disagree.

{¶6}　In his decision filed June 10, 2013, the magistrate found the following in pertinent part:

Defendant's testimony that they lived together from 2000 until July of 2005 was not sufficiently compelling, and was unsupported by any additional evidence.  At the pretrial in this case, the Defendant indicated that he would collect proof (from Columbia Gas bills, for example) of where he and the children were living during this earlier time.　He

presented no such evidence at the hearing. Consequently, he failed to prove his argument in this respect.

From those times when he was admittedly not living with the Plaintiff and the children, the Defendant had the burden of proving a specific dollar amount of support previously provided to offset the guideline amount. He claimed to have paid $200 per month when they had one child, $400 per month when they had two children, and $750 per month when there were three children. Defendant claimed all these payments were in cash. He presented no documents (such as regular withdrawals from a bank account) or the testimony of any witness corroborating his claim. His testimony was quite brief and was completely lacking in any degree of precision or consistency.

***

Although this is true, Defendant still had to prove a total figure of support provided and it is only reasonable to expect from him evidence that he could have obtained to prove the amount actually given. _Unfortunately, the figure he provided was not believable, just as the denial by the mother was not believable_.

The main problem with Defendant's claim is that _the amounts he referred to in his testimony ($200 or $400 or $850 per month) appeared to be fabricated because he could not remember what he had actually given or because he did not want to put forth the effort to procure documents that would establish the amounts he gave to support his children's_

*household.* Given his testimony at the May hearing, he appeared to have abandoned his earlier position that he had paid the mortgage and made cash payments and adopted a simpler position, i.e., that he had made specific equal monthly cash payments. If he had in fact made the mortgage payments, it would seem plausible that he would have been able to come up with some documents showing that fact, even though those alleged payments were made many years ago. If he was "maintaining the mortgage," he could have also presented documents from the lender showing the reduction of the mortgage during the time they were not together. He did not present such documents. It was clear from the evidence presented that Defendant put very little effort into proving that he supported his children in the manner he claimed. Defendant correctly pointed out that virtually no one would retain records pertaining to that support for such a long period of time. While this is true, he suffers the consequence of failing to do so, and of failing to get documents from a bank account or from a the (sic) mortgage holder, if applicable. Defendant did not carry his burden of proving that he should be entitled to an abatement of his child support obligation when he was absent from the children's home.

The Defendant's obligation, based on these findings, runs from 1996 until the present, with the exception of the period stipulated to (September 1, 2009 to August 1, 2012).

{¶7}   Appellant's pro se objections filed on June 19, 2013 argued the specific facts in the decision that the magistrate found were unsupported.

{¶8}   As noted by the trial court in its July 25, 2013 judgment entry overruling the objections, a transcript was not filed to support these factual challenges.   The magistrate's decision specifically recites in bold capital letters that factual challenges must be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding.   Civ.R. 53(D)(3)(b)(iii) states the following:

> *(iii) Objection to magistrate's factual finding; transcript or affidavit.* An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available.  With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered.  The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause.  If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.

{¶9}   Although appellant caused a partial transcript to be filed for this appeal (the April 17, 2013 hearing was not included), it is insufficient to bootstrap this into a

viable appeal.    As explained by our brethren from the Sixth District in *Helmke v.*

*Helmke,* 6th Dist. Ottawa No. OT-04-029, 2005-Ohio-1388, ¶ 16:

> The transcript is part of the record on appeal; however, "[a]
> reviewing court cannot add matter to the record before it, which was not a
> part of the trial court's proceedings, and then decide the appeal on the
> basis of the new matter."  *State v. Ishmail* (1978), 54 Ohio St.2d 402, 377
> N.E.2d 500, paragraph one of the syllabus.   As such, when a party
> objecting to a magistrate's decision fails to provide the trial court with the
> transcript of evidence, by which the court could make a finding
> independent of the magistrate's, appellate review of the court's findings is
> limited to whether the trial court abused its discretion in adopting the
> magistrate's decision, and the appellate court is precluded from
> considering the transcript of the hearing submitted with the appellate
> record.  *State ex rel. Duncan v. Chippewa Twp. Trustees* (1995), 73 Ohio
> St.3d 728, 730, 654 N.E.2d 1254; *High v.. High* (1993), 89 Ohio App.3d
> 424, 427, 624 N.E.2d 801; and *Howard v. Howard,* 6th Dist. No. L-02-
> 1371, 2003-Ohio-5683, ¶ 12-15.   Therefore, this court could only review
> the trial court's decision for an abuse of discretion, i.e., whether, in
> adopting the magistrate's report, "the court's attitude [was] unreasonable,
> arbitrary or unconscionable."  *State ex rel. Edwards v. Toledo City School*
> *Dist. Bd. Of Edn.*(1995), 72 Ohio St.3d 106, 107, 647 N.E.2d

799; and *Proctor v. Proctor* (1988), 48 Ohio App.3d 55, 63, 548 N.E.2d 287.

{¶10} Based upon the foregoing and our review of the record, we find the trial court did not abuse its discretion in approving and adopting the magistrate's decision.

{¶11} Assignments of Error I and II are denied.

{¶12} The judgment of the Court of Common Pleas of Richland County, Ohio, Domestic Relations Division is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Baldwin, J. concur.

SGF/sg 403