[Cite as *Franklin v. Brown*, 2016-Ohio-7032.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JUMILLE FRANKLIN | JUDGES:<br>Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 16CA24 |
| STANLEY BROWN | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Richland County Domestic Relations, Case No. 2012 SUP 1114 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | September 26, 2016 |
| APPEARANCES: | |

For Plaintiff-Appellee

JEFFEREY R. STIFFLER
Badnell & Dick Co., L.P.A.
21 North Walnut Street
Mansfield, Ohio 44902

For Defendant-Appellant

STANLEY BROWN, PRO SE
478 Allison Ave
Mansfield, Ohio 44903

*Hoffman, J.*

{¶1}   Defendant-appellant Stanley Brown appeals the April 19, 2016 Judgment Entry entered by the Richland County Court of Common Pleas, Domestic Relations Division, which overruled his objections to the magistrate's January 12, 2016 Amended Decision, and approved and adopted said decision as order of the court. Plaintiff-appellee is Jumille Franklin.

STATEMENT OF THE FACTS AND CASE

{¶2}   Appellant and Appellee are the biological parents of three children, S.B. (DOB 8/7/96), K.B. (DOB 3/26/98) and S.H.B. (DOB 11/26/99). They have never been married. Appellee is the residential parent of the children. On October 23, 2012, Appellee filed a motion to establish child support. The magistrate conducted a hearing on the motion on April 17, and May 29, 2013. Via decision filed June 10, 2013, the magistrate recommended Appellant pay child support from August 7, 1996, through August 31, 2009.

{¶3}   Appellant filed objections to the magistrate's decision. Via Judgment Entry filed July 25, 2013, the trial court overruled Appellant's objections, and approved and adopted the magistrate's June 10, 2013 decision. Appellant appealed the trial court's decision, which this Court affirmed in *Franklin v. Brown*, 5th Dist. Richland App. No. 13 CA 75, 2014-Ohio-1668.

{¶4}   On May 15, 2015, Appellant filed a motion to vacate judgment pursuant to R.C. 3111.16, requesting the trial court vacate the retroactive child support order for the periods of time the trial court found the parties were not cohabitating. The magistrate conducted a hearing on Appellant's motion on December 22, 2015. At the hearing, Appellant argued he had evidence to establish he and Appellee were cohabitating during

periods of time for which the trial court ordered him to pay child support. Appellant asserted the same arguments in 2013. Appellant attempted to introduce the children's school records as evidence the parties cohabitated. The magistrate concluded the evidence was inadmissible because Appellant failed to demonstrate he could not have produced the documents in 2013.

{¶5} Via Decision filed January 4, 2016, the magistrate overruled Appellant's motion. The magistrate filed an amended decision on January 12, 2016. Appellant filed objections to the magistrate's decision. Via Judgment Entry filed April 19, 2016, the trial court overruled Appellant's objections, and approved and adopted the magistrate's January 12, 2016 Amended Decision as order of the court.

{¶6} It is from the April 19, 2016 Judgment Entry Appellant appeals, raising the following assignments of error:

{¶7} "I. A TRIAL COURT ERRS WHEN IT FINDS AS A MATTER OF LAW THAT RELIEF PURSUANT TO O.R.C. 311.16 AND *CUYAHOGA V. GUTHRIE*, 84 OHIO ST.3D 437 (1999), IS UNAVAILABLE WHERE A DEFENDANT ADMITS HIS PATERNITY AND PARTICIPATES IN THE PATERNITY PROCEEDINGS.

{¶8} "II. A TRIAL COURT ERRS AS A MATTER OF LAW WHERE IT HOLDS THAT A DEFENDANT WHO FAILS TO SECURE EVIDENCE NEEDED TO SUPPORT HIS POSITION AT A PATERNITY HEARING CANNOT SHOW EXCUSABLE NEGLECT LATER WHEN HE DOES SECURE SUCH EVIDENCE, THEREBY MAKING RELIEF UNAVAILABLE TO HIM.

{¶9} "III. A TRIAL COURT ERRS AS A MATTER OF LAW WHERE IT HOLDS THAT CERTIFIED PUBLIC RECORDS ARE ADMISSIBLE IN A PATERNITY HEARING

BUT ARE INADMISSIBLE IN A SUBSEQUENT HEARING, CONTRA EVIDENCE RULE 902(4)."

## I and II

**{¶10}** Appellant argues pursuant to R.C. 3111.16, the juvenile court had continuing jurisdiction to modify or revoke a judgment or order issued under R.C. 3111.01 to R.C. 3111.19. Appellant relies upon *Guthrie v. Cuyahoga County Child Support Enforcement Agency* (1999), 84 Ohio St.3d 437, as support. We find such reliance misplaced.

**{¶11}** In *Guthrie*, the Ohio Supreme Court recognized R.C. 3111.16 authorized the juvenile court to relieve the judicially declared father of <u>future</u> child support orders based upon DNA evidence which established he was not the father. However, the *Guthrie* Court found he was not entitled to relief of his <u>retroactive</u> order of child support because of his own inexcusable neglect in not appearing at the initial parentage proceeding.

**{¶12}** Appellant's claim to relief from his prior child support order is based on school records which were available to him at the original hearing before the magistrate to establish child support. His neglect in timely presenting the same precludes him from the retroactive modifications he seeks. The school records could have been presented at that time.

**{¶13}** Under the doctrine of *res judicata,* "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus. *Res judicata* operates to bar litigation of " 'all claims which were or might have been litigated in a first lawsuit.' "

(Emphasis omitted.) *Id.* at 382, 653 N.E.2d at 229, quoting *Natl. Amusements, Inc. v. Springdale* (1990), 53 Ohio St.3d 60, 62, 558 N.E.2d 1178, 1180.

{¶14} We find the claims presently raised by Appellant were previously raised or could have been raised at his initial hearing.  Accordingly, under the doctrine of law of the case and application of res judicata, we overrule Appellant's first and second assignments of error.

III

{¶15} Based upon our disposition of Appellant's first two assignments of error, we find his third assignment of error moot.

{¶16} The judgment of the Richland County Court of Common Pleas, Domestic Relations Division, is affirmed.

By: Hoffman, J.

Farmer, P.J.  and

Wise, J. concur