DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, which granted legal custody of appellant's minor children, Katie Lynn K., Sara Marie K, Jasmine Ann K., and Christopher M., to their maternal grandparents. Appellant, Jennifer M., is the mother of all four children.
 {¶ 2} On the morning of February 17, 2005, appellant's oldest child, Katie, who was seven years old at the time, arrived at school and told the assistant principal that she had to go home to take care of her younger siblings because her parents were sleeping *Page 2 
and the children were "getting into the food." Katie also stated that she gave the youngest child, Christopher, who was 22 months old, Nyquil so that he would go back to sleep. She said that her mother often gave Christopher Nyquil for the purpose of making him sleep.
 {¶ 3} The principal called the police. When the police arrived at appellant's home, appellant and the children's father, Matthew M., were still sleeping. They did not know that Katie had gone to school. Food was "smashed" all over the floor from the front door to the kitchen, and Christopher was eating some of it. The home was full of garbage and rotten food. A litter box was overflowing with cat feces, and a pail of "mop water" was in a place where Christopher could reach it. Appellant reacted to the arrival of the police by becoming angry with Katie for going to school and telling the assistant principal about the conditions in the home. The police arrested the three younger children in order to remove them from their parents' care.
 {¶ 4} On February 18, 2005, Lucas County Children Services ("LCCS") filed a complaint in dependency and neglect requesting temporary custody of all four children. After a shelter care hearing, temporary custody was awarded to LCCS. Subsequently, the parents consented to an adjudication of dependency and neglect. The children were placed in the home of Gene and Debra K., the children's maternal grandparents. Case plans with a goal of reunification were formulated for both the parents and their children.
 {¶ 5} On June 22, 2005, LCCS filed a motion to terminate its temporary custody of the children, to name Gene and Debra K. as parties to this action, and to award legal *Page 3 
custody of appellant's children to those grandparents. The case plans of both parents were modified to reflect this change in custody. Matthew later consented to the award of legal custody of the children to Gene and Debra.
 {¶ 6} At a hearing held before a magistrate, appellant's caseworker, Sarah Crider, testified that this was not the first time that appellant's children were removed from their parents' care because of neglect, e.g., failure to provide medical care, and the unsafe, unsanitary conditions in the home. In fact, Crider testified that there had been eight different referrals related to this particular family involving neglect and the conditions in the home. She stated that after the referrals, the parents would attempt to take better care of the children and provide a safe, clean home; however, once LCCS withdrew its services, the same issues would arise once again. Crider also testified that between the time, March 2005, that the children were removed from the home and the time of the hearing, January 3, 2006, the conditions in the home improved for only one month, December 2005.
 {¶ 7} Crider further indicated that while they were residing with their parents, Christopher had speech delays, Sara needed counseling for reactive detachment disorder, and that Katie "failed" the first grade. According to the caseworker, while they were in the custody of their maternal grandparents, the children attended school, Sara was taken to counseling, and Katie later passed the first grade. Crider also testified that the children enjoyed living with Gene and Debra. The children's guardian ad litem also recommended *Page 4 
that it would be in the best interest of the children to be in the legal custody of their grandparents.
 {¶ 8} On October 7, 2005, the magistrate filed a decision approving the grant of legal custody of all four children to their maternal grandparents. Appellant never filed any objections to the magistrate's decision. The juvenile court judge independently reviewed and adopted the magistrate's decision on January 17, 2006, setting forth several findings to support the judgment. Appellant appeals that judgment and asserts the following assignment of error:
 {¶ 9} "THE EVIDENCE PRESENTED AT TRIAL WHICH FORMED THE BASIS TO AWARD LEGAL CUSTODY TO THE MATERNAL GRANDPARENTS, AS A MATTER OF LAW, WAS INSUFFICIENT."
 {¶ 10} Appellant contends that the trial court's judgment is not supported by "clear and convincing" evidence and that LCCS failed to demonstrate, pursuant to R.C. 2151.414(E)(1), that it made "diligent efforts" before placing her children outside the home.
 {¶ 11} LCCS claims that appellant's failure to file objections to the magistrate's report waived her right to raise error on appeal. Former 40(E)(3)(a)[1] provided that a party may file written objections to a magistrate's decision "within fourteen days of the filing of the decision, regardless of whether the court has adopted the decision pursuant to *Page 5 
Juv.R. 40(E)(4)(c)." Absent an objection, a party could not raise the juvenile court's adoption of finding of fact or conclusion of law made by a magistrate on appeal. Juv.R. 40(E)(3)(d). Appellant failed to file any written objections. However, even in assuming, arguendo, that appellant did not waive her right to raise the issues set forth infra, we find them to be without merit.
 {¶ 12} The standard of proof in a case where a juvenile court is determining whether to award legal custody of a child to a nonparent is not clear and convincing evidence. In re A. W.-G., 12th Dist. No. CA2003-04-099, 2004-Ohio-2298, ¶ 7, citing In re Nice,141 Ohio App.3d 445, 455, 2001-Ohio-3214. Because the parent retains residual parental rights, such as visitation, and has the opportunity to seek the return of her children, the standard of proof is a preponderance of the evidence. In re: Alexander C, 164 Ohio App.3d 540, 2005-Ohio-6134, ¶ 6. (Citation omitted.) Thus, after a child is adjudicated abused, neglected or dependent, the court may award legal custody of the child to a nonparent upon a demonstration, by a preponderance of the evidence, that legal custody is in the child's best interest. Id.
 {¶ 13} An appellate court reviews legal custody determinations for an abuse of discretion. In re D.P., 10th Dist. Nos. 05AP-117, 05AP-118, 2005-Ohio-5097, ¶ 52. An abuse of discretion connotes more than an error of law or judgment on the part of the trial court; rather, it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. *Page 6 
 {¶ 14} In the case sub judice, the juvenile court judge made a number of findings related to the best interest of appellant's children. Specifically, the juvenile court found that Katie, Sara, Jasmine, and Christopher were doing well in their grandparents' home; that Katie was promoted to the second grade and was on the honor roll; that the children were well fed, clean and attending school on a regular basis; and that both their caseworker and their guardian ad litem recommended that it is in the best interest of the these children to be in the legal custody of their maternal grandparents. The court also noted both parents are allowed regular visits with their children and that the parents' progress on their case plans is slow, with the caseworker observing that, until recently, appellant was refusing to take responsibility for the conditions in her home. Based on the foregoing, we can only conclude that the trial court did not abuse its discretion in determining, by a preponderance of the evidence, that legal custody of appellant's minor children should be awarded to Gene and Debra K.
 {¶ 15} With regard to appellant's second argument, the R.C.2151.414(E)(1) is applicable only in those cases in which a public children services agency seeks permanent custody of a child. See R.C.2151.414(A)(1). In other words, LCCS is required to demonstrate that it made "diligent efforts" to help a parent to remedy a condition that caused the child to be removed from the home only when that particular condition is relied upon by the agency a basis for the termination of a parent's constitutional right to raise his or her child. LCCS did not seek permanent custody of *Page 7 
appellant's children in this cause. Therefore, the strictures of R.C.2151.414(E)(1) are not pertinent to the case at hand.
 {¶ 16} For the foregoing reasons, appellant's sole assignment of error is found not well-taken. The judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., and Thomas J. Osowik, J., concur.
[1] Juv.R. 40 was amended effective July 1, 2006; however, former Juv.R. 40 applies to the present case. See Juv.R. 47(R). *Page 1