[Cite as *Gozdowski v. Gozdowski*, 2017-Ohio-990.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

Jason Gozdowski         Court of Appeals No. OT-16-017

     Appellant         Trial Court No. 14 DR 055 A

v.

Angie Gozdowski         **DECISION AND JUDGMENT**

     Appellee         Decided: March 17, 2017

* * * * *

Howard C. Whitcomb, III, for appellant.

Tim A. Dugan, for appellee.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Jason Gozdowski, appeals the March 28, 2016 judgment of the Ottawa County Court of Common Pleas overruling his objection to the magistrate's decision in which the court awarded appellee, Angie Gozdowski, child and spousal support. Finding no reversible error, we affirm.

## Assignments of Error

{¶ 2} Appellant sets forth the following assignments of error:

1. THE TRIAL COURT ERRED IN AWARDING THE DEFENDANT-APPELLEE AN AMOUNT AND DURATION OF SPOUSAL SUPPORT THAT WAS NOT NECESSARY, REASONABLE AND APPROPRIATE.

2. THE TRIAL COURT ABUSED ITS DISCRETION IN THIS CASE BY AWARDING SPOUSAL SUPPORT TO THE DEFENDANT-APPELLEE BECAUSE THE DEFENDANT-APPELLEE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUPPORT AN AWARD OF SPOUSAL SUPPORT AND/OR IT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE TO MAKE SUCH AN AWARD.

3. THE TRIAL COURT ERRED IN CALCULATING A CHILD SUPPORT AWARD WITHOUT CONSIDERING A THREE YEAR AVERAGE OF PLAINTIFF-APPELLANT'S OVERTIME AND BONUSES.

4. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED PLAINTIFF'S OBJECTION TO MAGISTRATE'S DECISION BEFORE RULING UPON THE MOTION TO WITHDRAW AS COUNSEL FILED BY PLAINTIFF'S ATTORNEY BEFORE ISSUING

ITS DECISION THEREBY VIOLATING PLAINTIFF-APPELLANT'S DUE PROCESS RIGHT TO A FAIR CONSIDERATION OF HIS PLEADING.

## Facts

{¶ 3} The trial court adopted the magistrate's findings of fact, which are summarized as follows.

{¶ 4} The parties married on September 17, 2005. One child was born during the marriage. While married, appellant earned an annual income of $120,000 and appellee earned $29,500. Appellant paid for living expenses and appellee paid for luxury items.

{¶ 5} On May 22, 2014, appellant filed for divorce. The case proceeded to trial, which was held on October 28, 2015.

{¶ 6} During trial, the parties stipulated that appellee would be residential parent and legal guardian of their child. Appellant was to provide health insurance and pay child support "at the monthly amount established by the Court." Further, appellant agreed to visitation every other weekend during the academic year and every other week during the summer. The court found the custody and visitation terms proposed consistent with the best interests of the child and adopted them.

{¶ 7} On November 4, 2015, the magistrate issued a decision, and findings of fact and conclusions of law. The court awarded appellee a monthly child support sum of $1,259.40, and monthly spousal support of $500. The spousal support award was set to continue for an 18-month period.

3.

{¶ 8} On November 13, 2015, appellant objected to the magistrate's decision. At that point, the trial court had not been supplied with the transcript for review. Thus the court gave appellant 30 days, after December 4, 2016, to supplement the record and objection with a transcript or affidavit. No supplement was filed, and the court proceeded to review the magistrate's decision without the transcript of the proceedings.

{¶ 9} On March 28, 2016, appellant's counsel moved the court to withdraw. The record had yet to be supplemented and the court proceeded to judgment on that day. The trial court affirmed the magistrate's order in its entirety. The parties were then given an opportunity to prepare a proposed judgment. Appellee's counsel prepared the proposed judgment and the trial court adopted the entry. On May 17, 2016, the parties were granted a divorce.

{¶ 10} On June 15, 2016, appellant filed a notice of appeal. On August 24, 2016, the transcript of the October 28, 2015 proceedings was transmitted for appellate review. On September 21, 2016, appellee filed a motion to strike the transcript, arguing that it was not part of the record when the trial court reviewed the magistrate's decision. On December 6, 2016, this court placed the motion to strike "in abeyance pending submission of th[e] matter for determination." Appellant now timely appeals the May 17, 2016 judgment.

### Standard of Review

{¶ 11} Upon appellate review, where the objecting party failed to provide a transcript or affidavit to the trial court in support of his objection, the court is limited to

determining whether the trial court abused its discretion in modifying or adopting the magistrate's decision. *State ex rel. Duncan v. Chippewa Twp. Trustees*, 73 Ohio St.3d 728, 730, 654 N.E.2d 1254 (1995); *Helmke v. Helmke*, 6th Dist. Ottawa No. OT-04-029, 2005-Ohio-1388, ¶ 16. An abuse of discretion is more than an error of judgment; it implies the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 12} When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Berk v. Matthews*, 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990). Consequently, "when portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

## Law and Analysis

{¶ 13} In this case, appellant filed an objection to the magistrate's decision, however, failed to order and file a transcript of the trial. Therefore, we examine his four assignments mindful that we do not have a complete transcript of evidence and testimony presented.

5.

**Spousal Support Award and Duration**

{¶ 14} In his first and second assignments of error, appellant argues the trial court erred in awarding appellee $500 in spousal support for an 18-month period. Appellee contends the award was supported by competent, credible evidence.

{¶ 15} Even though a trial court has broad discretion in awarding spousal support, its determination of whether spousal support, including the nature, amount, duration and terms of payment, is appropriate and reasonable, are controlled by the factors in R.C. 3105.18(C)(1). *Crites v. Crites*, 6th Dist. Wood Nos. WD-04-034, WD-04-042, 2004-Ohio-6162, ¶ 26-27. Although a trial court need not enumerate each R.C. 3105.18(C)(1) factor, it must demonstrate that it considered all the "relevant factors." *Allan v. Allan*, 6th Dist. Sandusky Nos. S-12-017, S-12-023, 2013-Ohio-1475, ¶ 11.

{¶ 16} R.C. 3105.18(C)(1) provides:

In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

(a) The income of the parties, from all sources * * *;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

7.

(n) Any other factor that the court expressly finds to be relevant and

equitable.

*See*, *e.g.*, *Stockman v. Stockman*, 6th Dist. Lucas No. L-00-1053, 2000 Ohio App. LEXIS

5843, *7 (Dec. 15, 2000) ("[A] trial court must consider all the relevant factors * * * and

then weigh the need for support against the ability to pay.").

**{¶ 17}** In considering and addressing these factors, the November 4, 2017

magistrate's decision stated conclusions of law as follows:

Spousal Support: Based on R.C. 3105.18(C), some spousal support

is warranted. [Appellee-Defendant] makes less than 25% of what

[Appellant-Plaintiff] makes. His training and union membership makes

him able to continue to earn proportionately more going forward.

[Appellee-Defendant] has completed her education, and yet makes $29,500

at most a year. Their respective ages and health do not appear to be a

factor. There is great disparity in their retirement benefits. Even after

splitting by QDRO, Plaintiff is young and skilled enough to replenish and

grow his retirement benefits before he will need them. Defendant does not

make enough to have disposable income to invest in her 401(k) at work

after expenses.

This is a 10-year marriage, and all of the growth in income-earning

ability of Plaintiff occurred while the Defendant and he were married.

Additionally, the minor child is only 7 years old, and the custodial parent

8.

will be called upon to be available for all of the activities that go along with being the house-parent of a pre-teen, and then a teenager for years to come. The standard of living during the marriage was good, with Plaintiff earning well and Defendant providing the little luxuries—but the economics of that have and will change as Defendant adjusts to shouldering more of the future costs of living alone.

The relative education of the parties allows Plaintiff to pursue a highly skilled union trade, while Defendant's qualifications are for lower-paying administrative positions. According to testimony, Defendant contributed at least $40,000 to Plaintiff's training. The tax consequences to each party for spousal support are well known—obligor gets a deduction and payee reports income. Based on Plaintiff's 2014 IRS return, he has learned to deduct his unreimbursed business expenses and vehicle expenses and depreciation from his business travel, but still owed taxes. However, it will be considered a deduction from gross income and should reduce his AGI, and therefore, his tax liability.

Defendant offered testimony that spousal support of $1500 per month would be reasonable. She then offered that $1000 per month would be reasonable if 50% of her student loans were paid. However, based on the foregoing awards of property, retirement benefits, and equity remaining in the real estate, and the amount of income remaining for Plaintiff after

reasonable allowance for living expenses, the Court finds that a figure of $500 per month for 18 months is a reasonable figure to provide additional support while property distributions are finalized, and therefore awards same, to begin November, 2015 through May 2017.

{¶ 18} Based on the magistrate's factual findings and legal conclusions, and after careful review of the limited record in this case, we find the trial court properly considered relevant factors of R.C. 3105.18. Thus, because the trial court provided ample evidence to support its award, and because we must assume the regularity of the proceedings with no transcript to review, we cannot say the trial court acted unreasonably, arbitrarily, or unconscionably in awarding appellee $500 in monthly spousal support for 18 months.

{¶ 19} Accordingly, appellant's first and second assignments of error are not well-taken.

## Child Support Award

{¶ 20} In his third assignment of error, appellant argues the trial court erred in awarding appellee child support without considering how overtime pay and yearly bonuses increased his average income. Appellee contends the award was supported by competent, credible evidence.

{¶ 21} Regarding child support matters, the trial court will not be reversed absent an abuse of discretion. *Pauly v. Pauly*, 80 Ohio St.3d 386, 390, 686 N.E.2d 1108 (1997).

10.

{¶ 22} Whether to calculate gross income by averaging income over a reasonable period of years is also within the discretion of the trial court and will not be reversed absent abuse of that discretion. *Scott G.F. v. Nancy W.S.*, 6th Dist. No. H-04-015, 2005-Ohio-2750, ¶ 47.

{¶ 23} The determination of gross income is a factual finding, which is normally reviewed using the "some competent, credible evidence" standard. *Thomas v. Thomas*, 6th Dist. Lucas No. L-03-1267, 2004-Ohio-1034, ¶ 13. As noted previously, however, because of the incomplete transcripts, we are limited in our review of the factual findings to determining only whether the trial court's method of calculation was appropriate.

{¶ 24} Under R.C. 3119.01, Sections (C)(5), (C)(7), (C)(8), and (C)(15) provide:

(5) "Income" means either of the following: (a) For a parent who is employed to full capacity, the gross income of the parent; (b) For a parent who is unemployed or underemployed, the sum of the gross income of the parent and any potential income of the parent.

(7) "Gross income" means, except as excluded in division (C)(7) of this section, the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable, and includes income from salaries, wages, overtime pay, and bonuses[.] * * * "Gross income" does not include * * * (e) Nonrecurring or unsustainable income or cash flow items[.]

11.

(8) "Nonrecurring or unsustainable income or cash flow item" means an income or cash flow item the parent receives in any year or for any number of years not to exceed three years that the parent does not expect to continue to receive on a regular basis. * * *

(15) "Worksheet" means the applicable worksheet that is used to calculate a parent's child support obligation[.]

{¶ 25} In this case, the November 4, 2017 magistrate's decision stated conclusions of law, with regard to child support, as follows:

Child Support: Based on the foregoing [findings of fact], the Court adopts the Child Support Worksheet attached hereto as the Order of the Court, retroactive to May 22, 2014, the date of the filing of the Complaint, and continuing until the child reaches the age of majority or graduates from an accredited high school, whichever is later. Husband is awarded the dependency tax exemption for any year for which he has provided medical insurance for the minor child.

{¶ 26} Further, the record supports the parties stipulated appellee would be the custodial parent of the child, and that she would receive child support "at the amount established by the Court." In establishing the award, the magistrate found that, based on annual income and the worksheet computation, appellant could afford to assist in supporting his child with a monthly sum of $1,259.40. Considering the trial court did not have a transcript to review, it was bound to accept any factual determinations made by

12.

the magistrate. Likewise, since we may not look at any testimony beyond that record, we must defer to the trial court's adoption of those factual determinations. In doing so, we hold the trial court did not err in adopting the magistrate's computation of child support because the calculation was based on appellant's gross income.

{¶ 27} Accordingly, appellant's third assignment of error is not well-taken.

## Due Process

{¶ 28} In his fourth and final assignment of error, appellant argues that if this court strikes the trial transcript from the record, then he suffered resulting prejudice from a violation of due process when the trial court denied his objection without first conducting a hearing to inquire into his trial counsel's motion to withdraw.

{¶ 29} In response, appellee contends that appellant's position is legally unsupported and makes "no logical or legal sense" because the court implied its determination and, based on non-binding legal precedent, would have required appellant to proceed pro se.

{¶ 30} With regard to appellee's September 21, 2016 motion to strike, as implied above, we must grant it and strike the transcript from our appellate review. *See*, *e.g.*, *Scott G.F.*, 6th Dist. Huron No. H-04-015, 2005-Ohio-2750, at ¶ 32-33.

{¶ 31} Further and with regard to appellant's right to hearing after his trial counsel sought to withdraw despite pending objection, we disagree.

13.

**{¶ 32}** Ottawa Cty.Loc.R. 29 provides:

No attorney shall be allowed to withdraw in a pending case without good cause shown and the Court granting said motion. Attorneys seeking to withdraw shall submit a motion and proposed entry to the Judge. There must be a certificate of service to the opposing counsel and to the withdrawing counsel's client. Except for compelling reasons, counsel shall not be permitted to withdraw until new counsel has entered the case.

**{¶ 33}** Prof.Cond.R. 1.16(b)(5) and (6), further, provide that a lawyer may withdraw from representation of a client if the client fails substantially to fulfill a financial obligation or if the representation will result in an unreasonable financial burden to the attorney.

**{¶ 34}** Here, and based on the above controlling law, we find no mandate requiring a hearing be held by the trial court. Additionally, the record reveals that the court neither granted nor denied counsel's request to withdraw, which resulted from appellant's failure to pay her, and instead, that same day, denied appellant's objection and requested both parties' counsel prepare a proposed judgment.

**{¶ 35}** Moreover, the record supports appellant was actually given 30 days, from December 4, 2015, to supplement and support his challenge to the magistrate's decision with an affidavit or transcript. No such supplement was provided and the court did not deny appellant's objection until March 28, 2016, which was five months after November 13, 2015, the day the objection was filed. Ottawa Cty.Loc.R. 59.10 usually

14.

requires such objections be supported by transcript within 15 days of filing. Appellant made no effort to supplement the record, neither by hiring new counsel nor by proceeding pro se. Therefore, we cannot say counsel's request to withdraw five months after the magistrate rendered decision resulted in unfair prejudice to appellant's due process rights. Appellant's fourth assignment of error is found not well-taken.

{¶ 36} Accordingly, we find no merit to appellant's assignments of error.

## Conclusion

{¶ 37} The judgment of the Ottawa County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.             _____

                                         JUDGE

Thomas J. Osowik, J. _____

                                _____

James D. Jensen, P.J.                            JUDGE
CONCUR.

                                _____

                                         JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.