[Cite as *In re A.B.*, 2020-Ohio-3990.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

In re A.B., J.B., E.L.

Court of Appeals No. L-19-1300

Trial Court No. JC 17263603

**DECISION AND JUDGMENT**

Decided: August 7, 2020

* * * * *

Christopher S. Clark, for appellant.

Bradley W. King, for appellee.

* * * * *

**SINGER, J.**

## I. Introduction

{¶ 1} Appellant, S.S., appeals the judgment of the Lucas County Court of Common Pleas, Juvenile Division, denying her motion to reunify with her children, A.B. and J.B., and granting appellee's, Lucas County Children Services ("LCCS"), motion to change disposition from temporary custody to legal custody.

## A. Facts and Procedural Background

**{¶ 2}** LCCS received a referral on June 22, 2017, alleging that appellant was physically abusive towards A.B. and J.B. Appellant's abusive behavior toward J.B. included striking him to the floor causing him to hit his face and choking him. Further, appellant hit A.B. so hard that it left a mark on A.B.'s back.

**{¶ 3}** Upon receipt of the foregoing referral, LCCS launched an investigation. LCCS questioned appellant, who informed LCCS that she was suffering from untreated mental health issues, including bipolar disorder. Appellant also admitted that she had hit J.B.

**{¶ 4}** Thereafter, on June 23, 2017, appellant agreed to a safety plan by which she would vacate the family home and A.B. and J.B. would be placed with a maternal aunt. Pursuant to the plan, appellant's daughter, E.L., remained with her father, Er.L. Over the course of the following two weeks, maternal aunt informed LCCS that she was unable to maintain placement of A.B. and J.B., prompting LCCS to file a complaint in dependency, neglect, and abuse on July 11, 2017.

**{¶ 5}** At a shelter care hearing held after LCCS filed its complaint, the court determined that appellant suffered from mental health issues that were left untreated, and further concluded that appellant physically abused A.B. and J.B. Thereafter, the matter proceeded through discovery.

**{¶ 6}** On August 21, 2017, an adjudication and disposition hearing was held, at which the court determined that A.B. and E.L. were dependent and J.B. was abused.

2.

Consequently, the court awarded custody of E.L. to Er.L.[1]  Temporary custody of A.B. and J.B. was awarded to LCCS, and the children were placed into the home of Er.L. along with E.L.

{¶ 7} During the pendency of this case, the juvenile court noted that LCCS offered reasonable case plan services to appellant, including a dual diagnostic assessment, mental health services, parenting education, and direction to maintain stable housing and income. On April 4, 2019, appellant filed a "motion for reunification," in which she sought an award of legal custody of A.B. and J.B. based upon the fact that she "successfully completed her case plan, the last issue being appropriate housing."

{¶ 8} Four days after appellant filed her motion, LCCS filed its motion for legal custody of A.B. and J.B.  Although LCCS acknowledged that appellant completed her case plan services, LCCS had serious concerns as to appellant's housing situation, her relationship with others, and her difficulty caring for her children during her visits with them.  LCCS had learned that appellant obtained her housing by falsely claiming that she had custody of A.B. and J.B.  Further, LCCS learned that appellant's father and appellant's boyfriend were involved in a physical altercation at her home, which resulted in the filing of criminal charges.  Moreover, appellant's most recent boyfriend, who had a history of violence and substance abuse, was found to have physically disciplined the children during appellant's visits.

---

[1] Appellant does not challenge the court's award of custody of E.L. to Er.L.

3.

{¶ 9} The matter proceeded to a hearing before a magistrate on June 13, 2019. A transcript of the hearing is not contained in the record before us. One week later, the magistrate granted LCCS's motion and denied appellant's motion. On June 27, 2019, appellant filed her objections to the magistrate's decision, arguing that the award of legal custody of A.B. and J.B. to LCCS was not supported by a preponderance of the evidence in light of the evidence that appellant completed her case plan services. Appellant filed a supplement to her objections on October 9, 2019, prompting a response from LCCS that was filed on October 18, 2019.

{¶ 10} On December 2, 2019, the juvenile court issued its judgment entry denying appellant's objections and affirming the decision of the magistrate. In its decision, the court found that the magistrate's findings were sufficient to make a best interest determination under R.C. 3109.04(F), and further concluded that the magistrate "properly considered the evidence before her at the time of the hearing and followed the law accordingly."

{¶ 11} Appellant's timely notice of appeal followed.

## B. Assignment of Error

{¶ 12} On appeal, appellant asserts the following assignment of error for our review:

I. The trial court abused its discretion in denying the appellant-mother's motion for reunification, as a preponderance of the evidence does

4.

not demonstrate that awarding legal custody to the stepfather is in the best interest of the children.

## II. Analysis

{¶ 13} In appellant's assignment of error, she contends that the trial court erred in denying her motion for reunification, which sought an award of legal custody of A.B. and J.B.

{¶ 14} We review legal custody determinations for an abuse of discretion. *Blausey v. Blausey*, 6th Dist. Ottawa No. OT-18-039, 2019-Ohio-4506, ¶ 13, citing *Miller v. Miller*, 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988). An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 15} Under R.C. 2151.353(A)(3), a juvenile court is permitted to award legal custody of any child to any person who files a motion seeking legal custody. "In order to grant legal custody of a dependent child to a nonparent, the trial court must find, by a preponderance of the evidence that legal custody is in the child's best interest." *In re Am.H.*, 6th Dist. Lucas No. L-19-1025, 2019-Ohio-4374, ¶ 36, citing *In re Christopher M.*, 6th Dist. Lucas No. L-06-1063, 2007-Ohio-1040, ¶ 12.

{¶ 16} In its decision affirming the magistrate's grant of legal custody of A.B. and J.B. to LCCS, the trial court relied upon the best interest factors set forth in R.C. 3109.04(F)(1). Due to appellant's failure to request findings of fact and conclusions of law from the magistrate or provide this court with a transcript of the hearing that was held

5.

on her motion for reunification and LCCS's motion for legal custody, we are left to speculate as to whether either the magistrate or the juvenile court properly applied the R.C. 3109.04(F)(1) factors in this case.

{¶ 17} We have carefully reviewed the limited record provided in this case. From our review, it is clear that, notwithstanding appellant's completion of her case plan services, serious concerns persist regarding appellant's mental health issues and her ability to provide a safe and stable home for A.B. and J.B. For this reason, and because we must presume the regularity of the proceedings with no transcript to review, *Gozdowski v. Gozdowski*, 6th Dist. Ottawa No. OT-16-017, 2017-Ohio-990, ¶ 18, we cannot say the trial court acted unreasonably, arbitrarily, or unconscionably in granting legal custody of A.B. and J.B. to LCCS and denying appellant's motion for reunification.

{¶ 18} Accordingly, we find appellant's sole assignment of error not well-taken.

### III. Conclusion

{¶ 19} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

6.

Mark L. Pietrykowski, J.   _____
              JUDGE

Arlene Singer, J.

              _____
Thomas J. Osowik, J.      JUDGE
CONCUR.

              _____
              JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.