[Cite as *Hunt v. Ickes*, 2015-Ohio-309.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| HAROLD GLENN HUNT | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2014 AP 08 0032 |
| GLENDA JANES ICKES | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:   Civil appeal from the Tuscarawas County
                           Court of Common Pleas, Juvenile Division,
                           Case No. 2010 CC 00101


JUDGMENT:                  Affirmed


DATE OF JUDGMENT ENTRY:    January 27, 2015

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

BRADLEY HILLYER                     JOSEPH TRIPODI
P.O. Box 272                        114 East High Avenue
Uhrichsville, OH 44683              New Philadelphia, OH 44663

*Gwin, P.J.*

{¶1} Appellant appeals the July 25, 2014 judgment entry of the Tuscarawas County Common Pleas Court, Juvenile Division, overruling appellant's objections to the magistrate's decision and approving and adopting the magistrate's decisions of January 8, 2014 and April 17, 2014.

*Facts & Procedural History*

{¶2} Appellant Glenda Marburger nka Ickes ("Mother") is the mother of L.H., born August 23, 2008. Appellee Harold Glenn Hunt ("Father") is the father of L.H. On March 25, 2010, the parties filed a shared parenting plan with the trial court in which each were named the residential parent of L.H. when they were with her. Pursuant to the shared parenting plan, Mother was to have L.H. on Monday, Tuesday, and every other weekend (Friday through Sunday) and Father was to have L.H. Wednesday, Thursday, and every other weekend (Friday through Sunday). The shared parenting plan provided that neither party would permanently remove L.H. from the State of Ohio without the express written permission of the other party or an order from a court of competent jurisdiction. On May 27, 2010, the trial court issued a judgment entry approving the shared parenting plan.

{¶3} On December 10, 2010, Mother filed a motion to modify, requesting full custody of L.H. due to "safety concerns." On December 16, 2010, the magistrate ordered that L.H. have no overnight visits with Father. On February 1, 2011, the magistrate issued an order finding overnight visits should be re-established and that Mother agreed to these overnight visits. The magistrate held a hearing on Mother's motion on April 27, 2011. On May 12, 2011, the magistrate issued an order stating that

the parties reached an agreement to resolve all pending issues and the shared parenting plan was modified as to visitation hours and days as per the resolution of the parties. The trial court adopted the magistrate's order on May 27, 2011.

{¶4} On January 18, 2013, Mother filed a second motion to modify prior order, again asking for full custody based upon "safety concerns." On February 14, 2013, the magistrate issued an ordering finding there was no emergency and thus there were no immediate changes to the shared parenting plan. On March 13, 2013, Mother filed a notice of intent to relocate and stated she was relocating from Newcomerstown to Virginia in June of 2013 due to her husband's job relocation and was taking L.H. with her. On March 15, 2013, Mother filed a motion for change of shared custody order, modification of long distance visitation schedule, and child support review. Father filed a memorandum in opposition to Mother's motion to modify and intent to relocate on March 28, 2013.

{¶5} Per instructions from the trial court, Father filed his proposed changes to the shared parenting plan on July 29, 2013. Father's plan provided that he would be the residential parent for school purposes, that Mother's parents would be daycare providers once per week and have one overnight visit per week, that once per month Father would drive L.H. and meet Mother halfway to visit Mother for 3-4 days, that Mother would have visitation with L.H. on all school holidays which are listed, and that, with prior notice, Mother would have the child overnight when she visited Ohio. Christmas would be split between Mother and Father, Mother would have L.H. on spring break, and Mother would have L.H. during the summer except for two weeks. Subsequently, Father filed his own motion for change of shared custody order and

modification of long distance visitation schedule. Mother filed a response to Father's proposed schedule and opposed any plan where Father was named the residential parent. Mother submitted her own shared parenting plan which included visitation for Father during the summer except for one week, visitation for Father on spring break, a rotation of Thanksgiving and Christmas holidays every year, for Mother to have L.H. on Halloween and Father on Fourth of July, and to meet Father halfway for exchange of visitation.

{¶6} The magistrate held a hearing on the parties' motions on August 23, 2013. Testimony was taken from the following individuals: Mother, Father, Guardian ad Litem Deborah Greenham, Kyle Ickes, Mother's husband, Danielle Mason, Mother's sister, Georgeann Mason, Mother's mother, Gregory Mason, Mother's father, Charla Bradford, Father's aunt, Ashley Bidrine, Father's girlfriend, and Lee Ann Hunt, Father's mother.

{¶7} On January 8, 2014, the magistrate issued a decision containing findings of fact and conclusions of law. The magistrate found that Father's proposed modification of shared parenting plan provides significant time for Mother and additional times for her parents. Mother's proposal was the court's standard long distance companionship plan. Further, that the testimony and evidence indicated L.H. is very bonded with each parent as each is very involved with the daily events of the child and L.H. is well-adjusted in each of the homes. The magistrate found that there was no credible evidence that either parent failed to properly care for L.H. The magistrate stated that Father has accommodated Mother and her family by adjusting the visitation schedule to benefit their family events; however, Mother has not been flexible with Father and his family. Mother's parents admit they have a good relationship with Father

and admit that Mother does not have a good relationship with Father or his family. The GAL, in her report, stated that each of the parents is appropriate. Her recommendation was that Mother be designated the residential parent because the minor child is female but stated it is a "fairly even playing field between the two parents."

{¶8} The magistrate reviewed the factors of the best interest of L.H. pursuant to R.C. 3109.04 in detail. The magistrate noted that the parents do not have the ability to communicate, and Father has demonstrated the desire and ability to cooperate with Mother and her family, but Mother is not willing or able to cooperate with Father and his family. The magistrate found that there was a change in circumstances, as Mother is moving to Virginia. The magistrate further found it is in the best interest of L.H. to designate Father as primary residential parent for school purposes as the significant distance between the parents makes it important that the residential parent be flexible, communicative, and cooperative with the non-residential parent. The magistrate found that the proposed changes to the shared parenting plan filed by Father on July 29, 2013 shall be adopted as the order of the court to become effective August of 2014.

{¶9} Mother filed objections to the magistrate's decision on January 14, 2014 and also filed a request for additional medical evidence to be submitted. On January 28, 2014, the trial court remanded the matter to the magistrate on the issue of further medical evidence. The magistrate held hearings on the additional medical evidence on February 7, 2014, and April 7, 2014. On April 17, 2014, the magistrate issued an order with extensive findings of fact and found that the child's medical condition was not properly diagnosed due to multiple medical personnel seeing her and that Mother's claim of medical neglect against Father was not supported by the testimony or

evidence. The magistrate concluded that nothing presented in the testimony or evidence changed the recommendations and decision of January 8, 2014. Mother filed supplemental objections to the April 17, 2014 order on April 25, 2014.

{¶10} The trial court held a hearing on Mother's objections to the magistrate's decisions on May 5, 2014. Mother has not submitted a transcript of the May 5, 2014 hearing for this Court to review. In the judgment entry of the trial court on May 19, 2014, the trial court stated that present at the May 5th hearing were Mother and her attorney, Father and his attorney, and the GAL. The May 19, 2014 order of the trial court provided that the trial court was holding the matter in abeyance until the transcripts of the hearings held before the magistrate were filed and then a decision would be issued. The transcripts of the hearings were filed on July 7, 2014.

{¶11} The trial court issued a second judgment entry on July 25, 2014. In the entry, the trial court stated that, "having heard from the parties present at the hearing on May 5, 2014, and upon review of said file and transcript, hereby OVERRULES said Objections and approves and adopts the Magistrate's Decisions of January 8, 2014 and the Magistrate's Order of April 17, 2014, and orders them entered as a matter of record." The trial court further ordered that the shared parenting plan of May 13, 2010 is modified to designate Father as primary residential parent; the proposed changes to the shared parenting plan filed by Father on July 29, 2013 are adopted as the order of the court to become effective in August 2014 when the child begins school; the child shall attend kindergarten in the district designated by Father for the 2014-2015 school year; and the current companionship of equal time with each parent was to continue until one week prior to school in August of 2014.

{¶12} Mother appeals the July 25, 2014 judgment entry of the Tuscarawas County Common Pleas Court, Juvenile Division, and assigns the following as error:

{¶13} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN ITS JUDGMENT OF JULY 25, 2014 IN THAT SAID JUDGMENT LACKS NECESSARY JUDICIAL FINDINGS REQUIRED BY LAW TO CONSTITUTE A JUDGMENT.

{¶14} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN THE JULY 25, 2014 JUDGMENT ENTRY WHEN IT FAILED TO DISCUSS AND ISSUE FACT FINDINGS ON APPELLANT'S OBJECTIONS TO MAGISTRATE'S DECISIONS AND ORDERS OF 1/08/14 AND 4/17/14 RESPECTIVELY.

{¶15} "III. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT'S JULY 25, 2014 JUDGMENT FAILED TO AWARD VISITATION TO APPELLANT POST-AUGUST 2014, DENYING APPELLANT DUE PROCESS OF LAW."

I.

{¶16} Mother first argues that the judgment by the trial court lacks the necessary findings required by law to constitute a judgment because the trial court did not make its own findings of fact and thus the judgment is voidable.

{¶17} Mother cites the Seventh District Court of Appeals decision *Mogg v. McCloskey*, 7th Dist. Mahoning No. 12 MA 24, 2013-Ohio-4358, in which the appellate court reversed the trial court's decision adopting the magistrate's decision on a motion to terminate shared parenting for the failure to specifically adopt or incorporate factual findings. We find the *Mogg* case to be distinguishable from this case. While the trial court modified the shared parenting plan in its July 25, 2014 judgment entry, the trial court did not terminate the shared parenting plan. Further, in this case, there is no

allegation that the magistrate did not make appropriate findings of fact and the application of the law, but, rather, appellant claims the trial court was required to be more specific regarding the individual findings of fact. In this case, Mother did not file a request for findings of fact and conclusions of law. In addition, Mother did not submit to this Court a transcript of the objections hearing held on May 5th so it is unclear as to what issues and/or findings of fact the trial court addressed or reviewed at the hearing. The trial court held a hearing, reviewed the objections and transcripts, and entered its rulings in its judgment entry. Accordingly, the trial court did not err in failing to include further findings of fact in its judgment entry. *Ream v. Ream*, 5th Dist. Licking No. 02-CA-000071, 2003-Ohio-2144 (case designating father as residential parent of minor child).

{¶18} In addition, Juv.R. 40(E)(4)(d) provides as follows:

If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.

{¶19} Juv.R. 40(E)(4)(e) requires the trial court that adopts a magistrate's decision to enter a judgment or interim order. We have reviewed the magistrate's findings of fact, including the detailed findings of fact and conclusions of law regarding

the best interest of the child, and find they were sufficient for the trial court to make an independent analysis and to apply the appropriate law in reaching its judgment as required in Juv.R. 40(E)(4). See *Howard v. Howard,* 6th Dist. Lucas No. L-02-1371, 2003-Ohio-5683.

**{¶20}** To be a final, an entry of judgment by the trial court pursuant to Civil Rule 53(E)(4), which is analogous to Juv.R. 40(E)(4), a trial court must: (1) adopt, reject, or modify the magistrate's decision and should state, for identification purposes, the date the magistrate's decision was signed by the magistrate; (2) state the outcome (for example, 'defendant's motion for change of custody is denied') and contain an order which states the relief granted so that the parties are able to determine their rights and obligations by referring solely to the judgment entry and (3) be a document separate from the magistrate's decision. *Child Support Enforcement Agency v. Michael O.*, 6th Dist. Lucas No. L-00-1333, 2001 WL 259118 (March 8, 2001). In this case, the trial court's judgment entry specifically adopts the magistrate's decisions and states the decisions by date for reference. The July 25, 2014 judgment entry further states the outcome and contains an order to which the parties can independently reference to determine their rights and obligations under the order as the trial court: modified the shared parenting plan, adopted Father's proposed shared parenting plan as the order of the court, identified the school district of the minor child, and established an interim order of visitation. Finally, the document was separate from the magistrate's decision.

**{¶21}** Based on the foregoing, we overrule Mother's first assignment of error.

II.

{¶22} Mother contends the trial court abused its discretion in failing to discuss and issue findings on her objections to the magistrate's decisions and orders of January 8, 2014 and April 17, 2014. Mother thus concludes that because of this failure, the judgment should be reversed and Mother should be designated L.H.'s residential parent. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶23} Juv.R. 40(E)(4)(b) imposes a mandatory duty upon the trial court to rule on Mother's objections to the magistrate's decision and, in ruling on objections, the trial court should undertake an independent review as to the objected matter to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Juv.R. 40(E)(4)(d). In cases where the appellate court can identify some reference to the trial court's consideration of objections, appellate courts have found support for the notion that we should presume that a trial court has ruled on objections. *In the Matter of J.V.*, 10th Dist. Franklin No. 04AP-621, 2005-Ohio-4925.

{¶24} In this case, the trial court, in its judgment entry, stated that it overruled Mother's objections to the magistrate's decisions after reviewing the file, reviewing the transcripts of the magistrate's hearings, and after hearing from the parties present at the May 5, 2014 objections hearing (Mother, Father, their attorneys, and the GAL). Thus, not only did the trial court state in its judgment entry that it examined the objections, the file, and the transcripts of the hearings before the magistrate, the trial court held a hearing on the objections on May 5, 2014. This Court has not been provided with a

transcript of the May 5, 2014 objections hearing; therefore, we presume the regularity of the proceedings. *Banez v. Banez*, 5th Dist. Stark No. 2006CA00216, 2007-Ohio-4584, citing *Knapp v. Edward Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

**{¶25}** Accordingly, the trial court ruled on Mother's objections in its July 25, 2014 judgment entry. Further, reviewing the magistrate's findings of fact, we find they were sufficient for the trial court to make an independent analysis and to apply the appropriate law in reaching its judgment as required by Juv.R. 40(E)(4). This court further finds no abuse of discretion in the trial court's decision to adopt the magistrate's decision as, based upon our review of the evidence before the magistrate, competent and credible evidence existed upon which the fact finder could base her judgment.

**{¶26}** Mother's second assignment of error is overruled.

III.

**{¶27}** Mother argues the trial court abused its discretion in its judgment entry by failing to award Mother visitation past August of 2014. We disagree.

**{¶28}** The trial court judgment entry specifically adopts the proposed shared parenting plan filed by Father on July 29, 2014. This shared parenting proposal specifically sets forth visitation with L.H.'s maternal grandparents on a weekly basis and also specifically sets out visitation between Mother and L.H., including once per month for a long week-end, three-day week-ends on all school holidays listed, spring break, summer vacation except for two weeks, and, with prior notice, overnight visits with Mother when she visits Ohio. Accordingly, the trial court did award Mother visitation past August of 2014. Mother's third assignment of error is overruled.

{¶29} Based upon the foregoing, we overrule Mother's assignments of error. The July 25, 2014 judgment entry of the Tuscarawas County Court of Common Pleas, Juvenile Division, is affirmed.

By Gwin, P.J.,

Farmer, J., and

Baldwin, J., concur