[Cite as *In re A.R.*, 2023-Ohio-1359.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN RE: A.R. | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | Case No. 2022CA00148 |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of Common Pleas, Family Court Division, Case No. 2021JCV01191

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      April 26, 2023

APPEARANCES:

For Plaintiff-Appellee:

BRANDON J. WALTENBAUGH
STARK CO. JFS
402-2nd St. SE
Canton, OH 44702

For Defendant-Appellant:

PAUL M. GRANT
209 S. Main St., 8th Floor
Akron, OH 44038

*Delaney, J.*

{¶1} Appellant Mother appeals from the November 8, 2022 Judgment Entry of the Stark County Court of Common Pleas, Family Court Division, granting permanent custody of her child A.R. to appellee Stark County J.F.S. ("Agency").

## FACTS AND PROCEDURAL HISTORY

{¶2} This case arose on September 5, 2021, when Mother was transported to a hospital from the Stark County Jail and gave birth to A.R. The Agency learned Mother was homeless and had a history of untreated mental health disorders, aggressive behavior, and substance abuse. Mother also had a criminal history and was frequently incarcerated for noncompliance with court orders.[1]

{¶3} On September 8, 2021, the Agency filed a complaint alleging dependency and/or neglect of A.R. An emergency shelter care hearing was held the same day. The trial court found probable cause existed for involvement of the Agency, the Agency engaged in reasonable efforts to prevent the need for removal of the child, and continued residence of the child with Mother was not in the child's best interest. The trial court approved and adopted pre-adjudicatory orders requested by the Agency and granted temporary custody of A.R. to the Agency.

---

[1] Mother named several potential fathers of A.R. and some were excluded by genetic testing. Paternity has not been established for any alleged father. The case was continued several times for investigation of potential fathers identified by Mother. No potential father contacted the child or the Agency. The trial court deemed the unknown father of A.R. to have abandoned the child and the unknown father is not a party to this appeal.

{¶4} On December 3, 2021, the trial court found the case must be dismissed and refiled due to statutory time restraints. The Agency dismissed the original case and refiled the complaint alleging dependency and/or neglect of A.R.

{¶5} On December 6, 2021, the trial court held another emergency shelter care hearing and found that probable cause existed for the Agency's involvement, continued residence of A.R. with Mother was contrary to the child's best interest, the Agency made efforts to identify and engage appropriate and willing kinship caregivers for the child, approved and adopted pre-adjudicatory orders requested by the Agency, and continued temporary custody of A.R. to the Agency.

{¶6} On December 30, 2021, the trial court found A.R. to be dependent and scheduled disposition for a later date.

{¶7} A dispositional hearing was held on February 10, 2022, and the trial court continued the child's placement in the Agency's temporary custody.

{¶8} On March 4, 2022, the trial court reviewed the case and approved and adopted the case plan. Mother's case plan was designed to address concerns with Mother's substance use, criminal activity, mental health, and overall instability. The case plan required Mother to complete a parenting assessment, mental health treatment, psychiatric treatment, substance abuse treatment, comply with drug screens, and obtain stable housing.

{¶9} Mother did not complete a parenting assessment. She missed ten appointments with the first provider who declined to continue to attempt to work with her. She then failed to complete an assessment with a second provider.

{¶10} Mother's mental health issues include diagnoses of other-specified schizophrenia spectrum, stimulant use disorder, and PTSD. Mother did not cooperate with psychiatric treatment and did not comply with prescribed medications.

{¶11} Mother did not comply with substance abuse treatment throughout the case. Residential treatment was recommended but Mother did not comply. Nor did Mother consistently comply with drug screening; she tested positive for cocaine, methamphetamine, and THC several times throughout the case.

{¶12} Mother was evicted several times and was homeless. She was in and out of jail during the pendency of the case.

{¶13} The Agency caseworker testified Mother was not capable of providing stability for A.R. due to all of the factors listed above. Mother made excuses for her complete lack of engagement with the case plan. The caseworker testified that Mother does not know how to meet A.R.'s needs and stated that she "doesn't know anything about babies." Mother's visitation with A.R. was inconsistent and she struggled to interact with the child "in a developmentally appropriate way."

{¶14} In an attempt to enable Mother's progress with the case plan, the caseworker provided Mother with bus passes to help with transportation, tried to help her find housing, and scheduled meetings with Mother to discuss the case plan. The caseworker opined Mother demonstrated a lack of commitment to the child, was not capable of providing a permanent home for A.R., and failed to remedy the conditions that required A.R.'s removal from the home.

{¶15} On July 29, 2022, the Agency filed a motion seeking permanent custody of A.R.

{¶16} On August 5, 2022, the trial court reviewed the case, approved and adopted the case plan, found that the Agency made reasonable efforts to finalize the permanency planning in effect, and found the Agency made efforts to identify and engage willing and appropriate kinship caregivers. The trial court further found no compelling reasons to preclude a request for permanent custody; Mother had not yet completed a parenting assessment and was presently incarcerated, homeless, not medication-compliant, and noncompliant with substance abuse treatment.

{¶17} The  caseworker testified that no appropriate kinship placements were available, A.R. was not bonded to Mother due to inconsistent visitation, and adoption was in A.R.'s best interest.

{¶18} The evidence showed that A.R. has been in the same foster home since birth and is doing well; she is developmentally on track although she has missed some milestones. She recently had surgery for a tongue-tie but is now doing well. A.R. is bonded with her foster family and they meet her needs.  The foster family is interested in adopting A.R. A.R.'s foster mother made a statement at the hearing, noting her willingness to care for A.R. as long as necessary and her willingness to adopt the child.

{¶19} On September 7, 2022, the child's guardian ad litem (GAL) filed her final report and also recommended that permanent custody be granted to the Agency. The GAL noted Mother's substance use, criminal activity, failure to comply with case plan services, and inconsistent visitation with A.R.

{¶20} On September 13, 2022, the trial court heard evidence on the motion for permanent custody, took the matter under advisement, and scheduled another hearing for the interest of an alleged father who was not properly served.  Appellant was not

present at the permanent custody hearing, although she was properly served with the motion. Mother did not offer evidence at the permanent custody hearing.

{¶21} On November 8, 2022, the trial court granted the motion for permanent custody to the Agency via judgment entry, terminating Mother's parental rights.

{¶22} Mother now appeals from the trial court's entry of November 8, 2022.

{¶23} Mother raises two assignments of error:

## ASSIGNMENTS OF ERROR

{¶24} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED PERMANENT CUSTODY TO SUMMIT (*SIC*) COUNTY CHILDREN SERVICES AS THE TRIAL COURT'S DECISION WAS NOT IN THE BEST INTEREST OF THE CHILDREN, NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶25} "II. THE TRIAL COURT'S DECISION TO GRANT PERMANENT CUSTODY OF THE CHILDREN TO STARK COUNTY JOB AND FAMILY SERVICES ("AGENCY") SHOULD BE REVERSED BECAUSE THE MOTHER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AND THE AGENCY FAILED TO USE REASONABLE EFFORTS TO REUNIFY THE CHILDREN."

## ANALYSIS

### I., II.

{¶26} Mother's two assignments of error are related and will be considered together, out of order. She argues the trial court should not have granted the Agency's motion for permanent custody and that she received ineffective assistance of counsel. We disagree.

**Standard of Review**

{¶27} R.C. 2151.414(B)(1) states permanent custody may be granted to a public or private agency if the trial court determines by clear and convincing evidence at a hearing held pursuant to division (A) of R.C. 2151.414 that it is in the best interest of the child and any of the following apply:

(a) The child is not abandoned or orphaned * * * and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

(b) The child is abandoned.

(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period * * *

(e) The child or another child in the custody of the parent or parents from whose custody the child has been removed has been adjudicated an abused, neglected, or dependent child on three separate occasions by any court in this state or another state.

{¶28} In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (a) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any

other person who may significantly affect the child; (b) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (c) the custodial history of the child; (d) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody; and (e) whether any of the factors in division (E)(7) to (11) of R.C. 2151.414 apply in relation to the parents and child.

{¶29} Therefore, R.C. 2151.414(B) establishes a two-pronged analysis the trial court must apply when ruling on a motion for permanent custody. In practice, the trial court will usually determine whether one of the four circumstances delineated in R.C. 2151.414(B)(1)(a) through (d) is present before proceeding to a determination regarding the best interest of the child.

{¶30} If the child is not abandoned or orphaned, the focus turns to whether the child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. Under R.C. 2151.414(E), the trial court must consider all relevant evidence before making this determination. The trial court is required to enter such a finding if it determines, by clear and convincing evidence, that one or more of the factors enumerated in R.C. 2151.414(E)(1) through (16) exist with respect to each of the child's parents.

{¶31} The Ohio Supreme Court has defined "clear and convincing evidence" as "[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty, as required beyond a reasonable doubt, as in criminal cases." *Cross v. Ledford*, 161 Ohio St. 469,

120 N.E.2d 118 (1954); *In re: Adoption of Holcomb*, 18 Ohio St.3d 361, 481 N.E.2d 613 (1985). In reviewing whether the trial court based its decision upon clear and convincing evidence, "a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *State v. Schiebel*, 55 Ohio St.3d 71, 74, 564 N.E.2d 54 (1990); *see also C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978). If the trial court's judgment is "supported by some competent, credible evidence going to all the essential elements of the case," a reviewing court may not reverse that judgment. *Schiebel*, 55 Ohio St.3d at 74.

{¶32} Moreover, "an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusion of law." *Id.* Issues relating to the credibility of witnesses and the weight to be given the evidence are primarily for the trier of fact. As the court explained in *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984): The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony. Deferring to the trial court on matters of credibility is "crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to the record well." *Davis v. Flickinger*, 77 Ohio St.3d 415, 419, 674 N.E.2d 1159 (1997); *see, also, In re: Christian*, 4th Dist. Athens No. 04CA10, 2004-Ohio-3146; *In re: C.W.,* 2nd Dist. Montgomery No. 20140, 2004-Ohio-2040.

**Parental Placement within a Reasonable Time**

{¶33} Mother argues the trial court considered evidence from a very brief time frame in determining A.R. could not be placed with Mother within a reasonable time because A.R. was in the Agency's custody for ten months. We note, however, that within that time Mother demonstrated no willingness or ability to meet the child's needs.

{¶34} The court must consider all relevant evidence before determining the child cannot be placed with either parent within a reasonable time or should not be placed with the parents. R.C. 2151.414(E). The statute also indicates that if the court makes a finding under R.C. 2151.414(E)(1)-(15), the court shall determine the children cannot or should not be placed with the parent. A trial court may base its decision that a child cannot be placed with a parent within a reasonable time or should not be placed with a parent upon the existence of any one of the R.C. 2151.414(E) factors. The existence of one factor alone will support a finding that the child cannot be placed with the parent within a reasonable time. *See In re William S.*, 75 Ohio St.3d 95, 1996-Ohio-182, 661 N.E.2d 738; *In re Hurlow*, 4th Dist. Gallia No. 98 CA 6, 1997 WL 701328 (Sept. 21, 1998); *In re Butcher,* 4th Dist. Athens No. 1470, 1991 WL 62145(Apr. 10, 1991).

{¶35} R.C. 2151.414(E) sets forth factors a trial court is to consider in determining whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. Specifically, Section (E) provides, in pertinent part, as follows:

> (E) In determining at a hearing held pursuant to division (A) of
> this section or for the purposes of division (A)(4) of section 2151.353
> of the Revised Code whether a child cannot be placed with either

parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:

(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for changing parental conduct to allow them to resume and maintain parental duties.

* * *

(16) Any other factor the court considers relevant.

{¶36} The trial court's findings in the instant case are based upon competent credible evidence. The record includes the recommendation of the guardian ad litem for the child, and the testimony of the witnesses at trial. The trial court was in the best position to determine the credibility of the witnesses.

{¶37} The trial court found the Agency made reasonable efforts to prevent the removal, to eliminate the continued removal, or to make it possible for A.R. to return home safely to Mother's home. In the instant case, with respect to Mother, the trial court found A.R. cannot or should not be placed with Mother within a reasonable period of time and specifically cited Mother's failure to remedy the problems that initially caused A.R. to be placed outside the home. R.C. 2151.414(E)(1). The trial court also cited Mother's ongoing mental health and substance abuse issues which make Mother unable to provide a stable home for A.R. R.C. 2151.414(E)(2). The record supports the juvenile court's finding that Mother has not shown consistent sustained progress to have the child returned to her custody. *Matter of J.N.*, 5th Dist. Licking No. 2022 CA 00033, 2022-Ohio-4373, ¶ 48.

{¶38} A parent's successful completion of the terms of a case plan is not dispositive on the issue of reunification. The ultimate question under R.C. 2151.414(A)(1) is whether the parent has substantially remedied the conditions that caused the child's removal. *Matter of J.N.*, supra, 2022-Ohio-4373, ¶ 50. Mother accomplished virtually nothing in her case plan, largely because she has been in and out of jail during the pendency of the case. We find there was sufficient and substantial competent evidence Mother failed to remedy the problems which initially caused the removal of the child from her home.

{¶39} We find there is competent and credible evidence to support the trial court's determination that A.R. cannot be placed with Mother within a reasonable time or should not be placed with Mother.

### Reasonable Efforts

{¶40} Mother argues the Agency failed to make reasonable efforts to reunify her with A.R. R.C. 2151.419 requires the trial court to determine whether the agency filing the complaint for custody "has made reasonable efforts * * * to eliminate the continued removal of the child from his home, or to make it possible for the child to return home." Subsection (B)(1) mandates the trial court to issue written findings of fact setting forth the reasonable efforts made by the agency, including a brief description of "the relevant services provided by the agency to the family of the child and why those services did not prevent the removal of the child from his home or enable the child to return home." However, even where a trial court has failed to include in its judgment entry, the findings contemplated by R.C. 2151.419(B)(1) we have found that the ultimate issue is the reasonableness of the Department's efforts and have concluded those efforts may be determined from the record. *In the matter of Kell/Bess Children*, 5th Dist. No. 97CA0278, 1998 WL 401767 (Mar. 23, 1998); *Hunt v. Ickes*, 5th Dist. Tuscarawas No. 2014 AP 08 0032, 2015-Ohio-309, ¶ 19; *In Re: M.M.*, 5th Dist. Stark No. 2021CA00159, 2022-Ohio-1569, ¶ 49.

{¶41} The Supreme Court of Ohio noted the following in *In re C.F.*, 113 Ohio St.3d 73, 78, 862 N.E.2d 816 (2007):

> [N]o one section of the Revised Code addresses the concept
> of reasonable efforts. Overall, Ohio's child-welfare laws are designed

to care for and protect children, 'whenever possible, in a family environment, separating the child from the child's parents only when necessary for the child's welfare or in the interests of public safety.' R.C. 2151.01(A). To that end, various sections of the Revised Code refer to the agency's duty to make reasonable efforts to preserve or reunify the family unit. For example, R.C. 2151. 412 requires the agency to prepare and maintain a case plan for children in temporary custody with the goal 'to eliminate with all due speed the need for the out-of-home placement so that the child can safely return home.' Under R.C. 2151.413(D)(3)(b), an agency may not file for permanent custody under R.C. 2151. 413(D) - the '12 months out of 22 rule' '[i]f reasonable efforts to return the child to the child's home are required under section 2151. 419' and the agency has not provided the services required by the case plan.

{¶42} A "reasonable effort" is "* * * an honest, purposeful effort, free of malice and the design to defraud or to seek an unconscionable advantage." *In re Weaver*, 79 Ohio App.3d 59, 63, 606 N.E.2d 1011(12th Dist. 1992). The issue is not whether there was anything more the agency could have done, but whether the agency's case planning and efforts were reasonable and diligent under the circumstances of the case. *In re J.D.*, 3rd Dist. Hancock Nos. 5-10-34, 2011-Ohio-1458. The child's health and safety are paramount in determining whether reasonable efforts were made. *In re R.P.*, 5th Dist. Tuscarawas No. 2011-Ohio-5378.

{¶43} The Agency points out that R.C. 2151.419(A)(1) does not apply in a hearing on a motion for permanent custody filed pursuant to R.C. 2151.413. *In re C.F.*, 113 Ohio St.3d 73, 2007-Ohio-1104, 862 N.E.2d 816, ¶ 43. Although the state must still make reasonable efforts to reunify the family during the child-custody proceedings prior to the termination of parental rights, it may establish that reasonable efforts have been made prior to the hearing on a motion for permanent custody. *Id.* In the instant case, the trial court made findings of reasonable efforts on September 8, 2021; December 6, 2021; February 10, 2022; March 4, 2022; and August 5, 2022.

{¶44} Notwithstanding the trial court's previous findings of reasonable efforts, appellee also established at the hearing that its case planning and efforts were reasonable and diligent under the circumstances of the case. See, *In re J.D.*, supra, 2011-Ohio-1458. In its judgment entry granting permanent custody of A.R. to the Agency, the juvenile court noted that the initial concerns leading to the child's removal were Mother's untreated mental health disorders, substance abuse, unstable housing, and extensive criminal involvement. A case plan was developed to address these concerns, requiring Mother to complete a parenting evaluation and follow all recommendations, engage in mental health and substance abuse treatment, and demonstrate an ability to meet A.R.'s needs. The caseworker testified about her efforts to support Mother in completing the case plan, including providing bus passes to help with transportation; attempting to help Mother obtain housing; and meeting with Mother to review her progress on the case plan. Mother failed, however, to complete a parenting evaluation, did not complete substance abuse treatment, tested positive for methamphetamine and cocaine on numerous

occasions, and has not obtained stable housing. Mother did engage in mental health treatment, but was ultimately discharged for noncompliance.

{¶45} The juvenile court noted the Agency investigated kinship placements, but the potential placements were not appropriate for the child.

{¶46} We find there is competent and credible evidence to support the juvenile court's determination the efforts of the Agency to reunite A.R. with Mother were reasonable and diligent under the circumstances of the case.

**Best interests**

{¶47} Mother further contends the juvenile court erred when it found it was in the best interest of A.R. to be placed in the permanent custody of the Agency.

{¶48} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent, and credible evidence upon which the fact finder could base its judgment. *Cross Truck v. Jeffries*, 5th Dist. Stark No. CA5758 (Feb. 10, 1982). Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).

{¶49} In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D)(1) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (a) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (b) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard

for the maturity of the child; (c) the custodial history of the child; (d) the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody; and (e) whether any of the factors in division (E)(7) to (11) of R.C. 2151.414 apply in relation to the parents and child.

{¶50} Mother argues the juvenile court found she abandoned the child. Brief, 9. As appellee points out, however, the trial court found the child was abandoned by the potential father(s), not by Mother.  Mother further argues she attended visitation with A.R., although she admits visitation was inconsistent due to her incarceration.

{¶51} A child's best interests are served by the child being placed in a permanent situation that fosters growth, stability, and security. We have frequently noted, "[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." *In re E.H.*, 5th Dist. Stark No. 2022CA00007, 2022-Ohio-1682, 2022 WL 1579856, ¶ 101 quoting *In re Mauzy Children*, 5th Dist. No. 2000CA00244, 2000 WL 1700073 (Nov. 13, 2000), citing *In re Awkal*, 85 Ohio App.3d 309, 316, 642 N.E.2d 424 (8th Dist. 1994).

{¶52} In this case, we find there was competent, credible evidence to support the juvenile court's decision that it was in the best interest of A.R. to be placed in the permanent custody of the Agency. The caseworker testified the child recently had tongue surgery and was recovering well; she was on track developmentally.  A.R. has been with the same foster family since birth and is bonded with the family.  The foster family meets

A.R.'s needs and is interested in adopting her. Foster Mother made a statement and expressed her continuing willingness to care for the child and to adopt her.

{¶53} The caseworker testified she did not believe A.R. is bonded with Mother due to inconsistent visitation, and she believed permanent custody was in A.R.'s best interest.

{¶54} We find that the juvenile court's determination that Mother had failed to remedy the issues that caused the initial removal and therefore A.R. could not be placed with her within a reasonable time or should not be placed with her was based upon competent credible evidence and is not against the manifest weight or sufficiency of the evidence. We further find that the juvenile court's decision that permanent custody to the Agency was in the child's best interest was based upon competent, credible evidence and is not against the manifest weight or sufficiency of the evidence.

**Mother did not receive ineffective assistance of counsel**

{¶55} Mother further argues she received the ineffective assistance of counsel for counsel's failure to request a continuance so that Mother could attend the permanent custody hearing and failed to request an extension to permit her to complete the case plan. We disagree.

{¶56} To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136,

538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694, 104 S.Ct. 2052.

{¶57} First, Mother argues counsel should have moved for an extension of temporary custody to the Agency, to give her more time to complete her case plan. R.C. 2151.353(A), (D), and (F) provide for temporary custody orders, expiration of those orders, and motions to extend those orders on behalf of the children's services agency. They do not specify a procedure for another party to seek custody on an agency's behalf. *In re A.C.B.*, 11th Dist. Portage No. 2016-P-0065, 2017-Ohio-4127, ¶ 34. There is no legal basis for an extension of temporary custody filed by Mother, and it is not evident from the record that there is any factual basis to assume such a motion would have been granted.

{¶58} Second, Mother asserts counsel was ineffective in failing to secure her presence at the permanent custody hearing, implying counsel should have sought to continue the hearing or transport Mother from jail. We note Mother was served with the motion for permanent custody, but the record is silent as to why she failed to attend the hearing. In her brief, Mother asserts she was in jail and trial counsel failed to move to transport her for the hearing (Brief, 17); we are unable to find support for this statement in the record. Mother does not assert that her presence at the hearing would have changed the outcome.

{¶59} Mother's trial counsel did not fall below the objective standard of reasonable representation. Mother has not argued or demonstrated a reasonable probability that the outcome of the proceeding would have been different if counsel would have moved to

extend the Agency's temporary custody or avoided Mother's unexplained absence at the permanent custody hearing.

{¶60} In conclusion, the trial court's decision to award permanent custody to the Agency is in the child's best interest, is supported by clear and convincing evidence, and is not against the manifest weight of the evidence. Mother did not receive ineffective assistance of trial counsel.

{¶61} Mother's two assignments of error are not well-taken and are overruled.

## CONCLUSION

{¶62} The two assignments of error are overruled and the judgment of the Stark County Court of Common Pleas, Juvenile Division is affirmed.

By: Delaney, J.,

Wise, P.J. and

Baldwin, J., concur.